IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER TERRELL PURNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20CV551 |
| | ) | 1:18CR235-1 |
| UNITED STATES OF AMERICA, | ) | 1:18CR356-1 |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses under 21 U.S.C. § 841(b)(1)(A) and (B). However, Petitioner was not convicted of such an offense and, in any event, was sentenced in 2019 under the statutory provisions in effect <u>after</u> the Fair Sentencing Act became effective on August 3, 2010. <u>See</u> First Step Act of 2018 Section 404(c). Thus, Petitioner cannot assert a claim under Section 404 of the First Step Act.

Petitioner also seeks an extension of the deadline for filing under the First Step Act, forms for filing under the First Step Act, and forms for filing under "the 2nd Step Act." The Court is not aware of any claims Petitioner could possibly raise or any deadline for such claims

if they exist. There are also no such forms and the Court is not aware of the existence of a "2nd Step Act."

Petitioner does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion (1:18CR235-1, Docket Entry 22; 1:18CR356-1, Docket Entry 13) under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court. If Petitioner does seek to raise a viable claim under § 2255, he should contact the Clerk's Office to obtain the proper § 2255 forms and file his Motion using those forms.[1] The present action should be dismissed without prejudice to him doing so.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence under that statute.

This, the 24th day of June, 2020.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

3

Case 1:18-cr-00356-NCT   Document 14   Filed 06/24/20   Page 3 of 3