IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER TERRELL PURNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:22CV80 |
| v. | ) | 1:18CR235-1 |
| | ) | 1:18CR356-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on March 7, 2023, was served on the parties in this action. (Doc. 34.) Objections were filed within the time limits prescribed by section 636. (Docs. 37 and 38 in 1:18cr235-1 and 29 and 30 in 1:18cr356-1.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

In so doing, the court notes that in his objections Petitioner argues that his delay in filing his motion should be excused under the doctrine of equitable tolling because his prison facility was locked down during the Covid-19 pandemic "during the time he dedicated to researching his case and preparing his § 2255 motion

on time" and that prison staff "failed to timely provide him with this mandatory § 2255 form." (Doc. 38 at 1-2 in case no. 1:18CR235-1; Doc. 30 at 1-2 in case no. 1:18CR356-1.)  However, Petitioner provides no dates for this alleged conduct, nor are his objections verified.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010).  Equitable tolling is available in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted).  "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse, 339 F.3d at 246).  Unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Sosa, 364 F.3d at 512; Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  In addition, in order to demonstrate diligence, the prisoner must show diligence throughout the entire post-

2

conviction process; waiting years does not show due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, Petitioner sets out only generalized claims to support his contention of equitable tolling. Problematic for him, his original conviction was reduced to judgment on May 6, 2019. (Doc. 11 in case no. 1:18CR356-1; Doc. 20 in case no. 1:18CR235-1.) His conviction became final 14 days later, because he took no appeal. Clay v. United States, 537 U.S. 522, 524-27 (2003). Thus, as the magistrate judge noted, his motion to vacate was due to be filed no later than May 20, 2020. (Doc. 34 at 3.) Yet Petitioner did not file his motion (based on the mailbox rule) until January 26, 2022, however. (Doc. 26.) It is therefore more than 18 months late.

Even if the court assumes that the Covid-19 pandemic is an exceptional circumstance, Petitioner fails to demonstrate diligence on his part. There is no showing that he made any effort even before the pandemic was declared, which was nearly all of the one-year limitations period, to pursue his claim. Nor does he show when he sought copies of a § 2255 motion form from anyone, much less the prison facility, to complete his motion, or when he claims he was locked down in a manner that would have prevented him from timely filing his claim or, if untimely, at least acting with due diligence. Petitioner is not entitled to equitable tolling, and his motion is untimely.

3

IT IS THEREFORE ORDERED that the Government's motion to dismiss (Doc. 20 in case no. 1:18CR356-1; Doc. 29 in case no. 1:18CR235-1) is GRANTED, Petitioner's motion to vacate, set aside, or correct sentence (Doc. 17 in case no. 1:18CR356-1; Doc. 26 in case no. 1:18CR235-1) is DISMISSED. A judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability will not issue.

                                      /s/   Thomas D. Schroeder
                                     United States District Judge

October 24, 2023